EDWARD McGINNIS AND CHARLES FISHER v. EDWARD CARRIER ET AL.

*Estoppel from suing where plaintiff might have been made co-defendant.*

One who might properly be joined as defendant in an action on the case for nuisance cannot bring the action.    So *held* where a foreman engaged in running logs sued a boom company for the obstruction of navigation for which he was himself in part responsible.

Error to Bay.    Submitted June 12.    Decided June 18.

TRESPASS ON THE CASE.    Plaintiffs bring error.

*A. C. Maxwell* for plaintiffs in error.

*Hatch & Cooley* for defendants in error.    One cannot complain of an injury to which he has contributed. Addison on Torts, 24.

PER CURIAM.    This is an action on the case brought
for an obstruction to the navigation of the Kaw Kawlin
river, whereby the scow of the plaintiffs, engaged in
transporting wood on the river, was subjected to several
delays.    The defendants are the Kaw Kawlin River
Booming Company and its president; and the obstruc-
tion was caused by filling the river with logs and detain-
ing them by a swing boom of the Booming Company
until they could be assorted.    The plaintiff McGinnis,
it seems, was the foreman of one Whipple who was
contractor for running all the logs on said river for the
season over the Ballou dam, so called, three miles above
the defendant's boom.    The course of business was for
McGinnis to run logs over the dam until the river was
filled to the boom, and then wait until defendants could
assort them, and the obstruction the scow encountered
was from these logs thus filling the river between
the dam and the boom.    But it very clearly appears
that if this was any wrong to parties desiring to navi-
gate the river, it was the mutual wrong of McGinnis
and defendants working together to a common end, and
they might be joined as co-defendants in an action for
causing the obstruction.

If McGinnis can sue these defendants for detaining
his scow, they might have maintained a similar action
against him, and the extraordinary spectacle would have
been exhibited of persons uniting to commit a nuisance,
and then demanding from each other compensation for
their individual damages.

The circuit judge was correct in instructing the jury
that the action was not maintainable, and the judgment
must be affirmed with costs.